

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 12, 1939

Hon. W. P. Sexton
County Attorney
Orange, Texas

Dear Sir:

Opinion No. O-22
Re: Fees of County Attorneys,
Justices of the Peace, Sheriffs,
in misdemeanor cases.

Your request for an opinion on the above, dated December 20, 1938, addressed to Attorney General William McCraw has been referred to this Department for attention and reply. We quote your letter as follows:

"Please give me your opinion in the following questions:

"(1) In misdemeanor cases where a Justice of the Peace issues a warrant of arrest and subpoena for witnesses in a case and places them in the hands of the sheriff or constable for service and before the sheriff or constable meets the accused or the witnesses, is the officer entitled to charge for fees of arrest and summoning the witnesses or not?

"(2) If a person convicted of a misdemeanor and the Justice of the Peace issues a commitment to the sheriff and the sheriff does not place the convicted person in jail, but lets him go on a promise to pay the fine and costs in the future and does pay it later, is the sheriff entitled to collect from the convicted person the fee for commitment and release?

"(3) When the sheriff releases a convicted person as mentioned in the above paragraph (2) and later collectes from the convicted person enough money to cover thefine, trial fee and attorney

> fee and perhaps part of the sheriff's fee,
> and then refuses to turn in the sum of fine,
> trial fee and attorney's fee until he can
> collect the whole of all fine and costs, has
> he the legal right to withhold such fine, trial
> fee and attorney fee until he can collect his
> fee. Is a sheriff entitled to a fee for commit-
> ment and release whether orn ot the convicted
> person pays fine?

> "I will appreciate your opinion on the
> above questions as the sheriff and Justices of
> the Peace of this county do not seem to agree
> regarding these matters."

In answer to your first inquiry, the statutes prescribe
certain fees to be paid county officers, conditioned upon the
performance of certain acts.

> "Fee as a term expressive of remunera-
> tion for public officials means the remuneration
> or compensation or wages allowed by law in
> return for their services." (Veltman v. State,
> 217 S.W. 378.)

To entitle an officer to a fee in any case, he must per-
form some act to earn the same:

> "To entitle an officer to receive fees or
> commissions* * * he must have performed the
> services for which compensation has been specified."
> (34 Tex. Jur., Sec. 113, p. 522).

The question resolves itself down to one point. Is there
such a performance of service rendered by the sheriff as to en-
title him to a fee?

Arrest on a criminal charge has been defined as "the
apprehending or detaining of the person in order to be forthcoming
to answer an alleged or suspected crime." (15 S.W. 312).

Article 239 of the 1925 Texas Code of Criminal Procedure
reads as follows:

> "A person is said to be arrested when he has
> actually been placed under restraint or taken
> into custody by the officer or person executing
> the warrant of arrest."

Texas Jurisprudence, Volume 34, paragraph 113, and cases
there cited, states that: "To entitle an officer to receive fees or
commissions, the receipt thereof must have been provided for and
the amount fixed by law; and he must have performed the services
for which compensation has been specified."

It is true that our statutes provide that in certain cases an official may be entitled to a fee, even though not performing any act or service in said case. This is true of a County Attorney, who is entitled to a fee on a plea of guilty in the Justice Court without personally being present, but our statutes prescribing fees for public officials are strictly construed in favor of the state, county or municipality, and unless a fee is specifically provided for none can be allowed, and the officer cannot be heard to complain if the Legislature had been more liberal toward other officials than toward him in the matter of compensation for his office, as he is presumed to know this at the time he sought the office.

I would like to call your attention further to Article 1011 of the 1925 Code of Criminal Procedure, which reads as follows:

"No item of costs shall be taxed for a purported service which was not performed or for a service for which no fee is expressly provided by law."

You are advised that it is the opinion of this Department that fees allowed to officers by statutes are allowed as compensation for services actually rendered and unless the services are actually rendered, the officer is entitled to no fee. Therefore, where an accused voluntarily appears and enters his plea without having had the warrant of arrest served on him by the sheriff, the sheriff would not be entitled to a fee for serving the warrant. The same would be true as to serving a subpoena; the sheriff would not be entitled to a fee unless he had actually served the same.

In reference to your second inquiry, we are of the opinion that our answer to the first question answers the second, for the reason that unless the sheriff actually committed and released the prisoner, he would not be entitled to any fee.

In answer to your third inquiry, we wish to refer you to Article 319 of the Penal Code of Texas of 1925, which reads as follows:

"Any officer, jailer, or guard having the legal custody of a person accused or convicted of a misdemeanor who wilfully permits such person to escape or to be rescued shall be fined not exceeding one thousand dollars."

The Court has said in the case of Luckey vs. State, 14 Tex. 400:

> "A sheriff who permits a person convicted of misdemeanor to go at large, when such prisoner has been committed to jail until the fine and costs are paid, is guilty of permitting such prisoner to escape."

Article 322 of the Penal Code also reads:

> "Any officer, jailer, or guard who has the legal custody of a person accused or convicted of a misdemeanor who negligently permits such person to escape or to be rescued shall be fined not exceeding five hundred dollars."

We also want to call your attention to Article 324 of the same Code which provides:

> "Any sheriff or other officer who wilfully refuses or fails from neglect to execute any lawful process in his hands requiring the arrest of a person accused of a misdemeanor whereby the accused escapes, or who wilfully refuses to receive into a jail under his charge or to receive in his custody any person lawfully committed to his custody on such accusation, shall be fined not exceeding five hundred dollars."

A peace officer has no authority to allow a prisoner time within which to pay a fine assessed against him by the Court. Article 787 of the 1925 Code of Criminal Procedure of Texas provides:

> "When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment."

Article 788 of the same Code of Criminal Procedure, reads:

> "When a pecuniary fine has been adjudged against a defendant not present, a capias shall forthwith be issued for his arrest. The sheriff shall execute the same by placing the defendant in jail."

Article 789 of the Code of Criminal Procedure reads as follows:

"Where such capias issues, it shall state the rendition and amount of the judgment and the amount unpaid thereon, and command the sheriff to take the defendant and place him in jail until the amount due uponsuch judgment and the further costs of collecting the same are paid, or until the defendant is otherwise legally discharged."

If an officer fails to comply with the order of the court sentencing a prisoner to pay a fine or go to jail, and permitting the prisoner to go at large, then the officer would be guilty of permitting the prisoner to escape or refusing to receive said prisoner as set out in the Articles of the Penal Code above.

It has long been held by this Department that where only a part of a fine and costs is collected, that the money collected should first go to the paying of costs and the balance, if any, to the amount of the fine, and where there is not enough collected to pay all of the costs, that the money collected should be prorated between the officers having a fee according to the amount of their fee and one officer has no priority over another.

Article 949 of the 1925 Code of Criminal Procedure provides:

"Money collected by an officer upon recognizances, bail bonds and other obligations recovered upon in the name of the State under any provision of this Code, and all fines, forfeitures, judgments and jury fees collected under any provision of this Code, shall forthwith be paid over by the officers collecting the same to the County Treasurer of the proper county, after first deducting therefrom the legal fees and commissions for collecting the same."

In view of the above statutes, it is our opinion that the money collected by the sheriff shall forth with be paid over to the proper parties. Namely, payment of the cost to the proper officials entitled thereto, and the balance to the County Treasurer, and in the event there is not enough to pay all the fine and costs, then the money shall be prorated as set out above.

In answer to the last sentence in your third paragraph, you are advised that this Department has held a conference opinion, dated January 11, 1939, written by Assistant Attorney General Benjamin Woodall, addressed to Honorable C. Burtt Potter, County Attorney of San Patricio County, Sinton, Texas, that Chapter 488 of the General and Special Laws of the Forty-Fifth Legislature of Texas, same being House Bill No. 727 of the Regular Session, and

carried forward as Article 1055 in Vernon's Annotated Code of Criminal Procedure, pocket supplement, is void and unconstitutional, as being in contravention of Section 33 of Article III of the Constitution of the State of Texas; and that Article 1055, Code of Criminal Procedure, 1925, not having been repealed, a nd the amendatory act being unconstitutional and entirely void, is still the law of Texas, and all fee officers are subject to its provision.

Article 1055, Code of Criminal Procedure, 1925, the Act sought to be amended, and the Act which this Department holds to be the law, now reads:

> "Article 1055. Half Cost Officers. The county shall be liable to each officer and witness having costs in a misdemeanor case for only one-half thereof where the defendant has satisfied the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads, or upon any public works of the county, and to pay such one-half of such legal costs as may have been so taxed, not including commissions. The County Judge shall issue his warrant upon the County Treasurer in favor of the proper party, and the same shall be paid out of the road and bridge fund, or other funds not otherwise appropriated."

In view of the above provision of the law, you are advised that if the sheriff actually committed and released the prisoner, and the prisoner satisfied the fine and costs adjudged against him in full by labor int he workhouse, on the county farm, on the public roads, or upon any public works of the county, the sheriff would be entitled to one-half of the regular fees to be paid by the county; otherwise, the sheriff would not be entitled to any fees until and unless the defendant paid the fine and costs adjudged against him. In neither instance would he be entitled to any fee unless he actually committed and released the prisoner, for the reasons set out above.

Trusting that this sufficiently answers your inquiry, I am

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY    s/ M. C. Martin

Assistant

MCM:FG:vmb
APPROVED
ATTORNEY GENERAL OF TEXAS